IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LILLY M. LEDBETTER, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action Number |
| | ) 99-C-3137-E |
| GOODYEAR TIRE AND RUBBER COMPANY, INC., | ) |
| Defendant. | ) |

FILED
02 JUL 31 AM 10: 48
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 31 2002

**MEMORANDUM OPINION ON OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff has objected to the Magistrate Judge's Report and Recommendation ("R&R") that summary judgment be granted on her claims of disparate pay, transfer to Technical Engineer, and retaliatory refusal to rehire. Based on a review of the R&R, the Court concludes that the objections are meritorious.

First, Plaintiff claims that the R&R erroneously made credibility determinations adverse to her in reaching the conclusion that there are no disputed facts on the disparate pay claim. Defendant's articulated reason for the pay disparity is "her length of service and her relative performance." But several white male employees had significantly shorter lengths of service with Defendant than Plaintiff. On her relative performance, Plaintiff's supervisor, Mike Tucker, complimented Plaintiff and selected her for "Top Performance" and "Individual Performance" Awards - both of which are given to competent and above average performers. These awards resulted in an 8% wage increase for Plaintiff. Tucker recognized that "her [Plaintiff's] rate was

less than what we were paying everybody else for doing what they were doing." (Tucker Depo. p. 101). After this lawsuit was filed, Tucker says that he lied and that the real reason for the increase was to bring Plaintiff's salary up to the minimum. The Magistrate Judge apparently credited Tucker's most recent contradictory statements. This was plain error. On a motion for summary judgment, the version of Tucker's explanation most favorable to Plaintiff should have been credited. When it is credited, a genuine issue concerning motive is apparent on the disparate pay claim. Summary judgment is inappropriate on this claim.

    Second, Plaintiff complains that the Magistrate Judge erroneously found that her transfer from the Area Manager position to that of Technical Engineer was not an adverse action, based on the consideration that Plaintiff requested the transfer after having been "strongly advised" by her supervisor in light of anticipated upcoming layoffs. The Court has considered the difference in the two positions. The Area Manager position is a managerial position which requires less manual labor, and the Technical Engineer position requires substantial and onerous manual labor, and the wage ceiling for Technical Engineer is much lower than that of an Area Manager. The Court therefore concludes that a reasonable factfinder may well determine that the differences between the two jobs are objectively serious and tangible enough to alter the terms and conditions of employment, i.e., to constitute an adverse employment action. Further, the evidence shows that Jimmy Todd, Plaintiff's male co-worker with less seniority than Plaintiff, was retained as an Area Manager after Plaintiff transferred to the Technical Engineer position. Brent Payne, another male Area Manager, was allowed to transfer to Akron, Ohio and remain in management. In sum, the undisputed facts and reasonable inferences arising therefrom do not entitle Defendant to summary judgment on the transfer claim.

    Finally, Plaintiff complains that the Magistrate Judge erred when he found no causal link

between the failure to rehire Plaintiff and her filing of a charge of discrimination. However, when Don Gardner became Defendant's Employment Manager in May 1998, he learned of Plaintiff's Equal Employment Opportunity Commission charge. Thereafter, he rehired retired male Area Managers, but he denied Plaintiff's request for rehire. This is sufficient evidence to establish a *prima facie* case of retaliation. Summary judgment is likewise inappropriate on this claim.

For the reasons stated, Plaintiff's objections to the Magistrate Judge's R&R on disparate pay, transfer to Technical Engineer, and retaliatory refusal to rehire are hereby SUSTAINED.

In all other respects, the Court hereby ADOPTS and APPROVES the Magistrate Judge's Report and Recommendation.

Done this \_\_30th\_\_ day of July, 2002.

_____
Chief United States District Judge
U.W. Clemon