IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LILLY M. LEDBETTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GOODYEAR TIRE AND RUBBER )<br>COMPANY, INC., )<br>)<br>Defendant. ) | Civil Action Number<br>99-C-3137-E<br><br>**ENTERED**<br>SEP 2 4 2003 |

**MEMORANDUM OPINION ON POST-TRIAL MOTIONS**

The Jury rendered a $ 3,843,041.93 verdict in this case, concluding that Plaintiff Lilly M. Ledbetter had proved that Defendant Goodyear Tire and Rubber Company, Inc. ("Goodyear") probably paid her a disparate salary because of her sex. The jury also found that Goodyear did not involuntarily transfer Plaintiff from the position of Area Manager to Technology Engineer because of her age, sex, or in retaliation for her having complained of sex discrimination.

Goodyear has renewed its Motion For Judgment As A Matter of Law, or, in the alternative a New Trial or Remittitur. For the reasons which follow, the Court concludes that 1) Goodyear is entitled to judgment as a matter of law on the claims of retaliation, age, and sex discrimination: and 2) unless the Plaintiff accepts a remittitur, the Motion For A New Trial will be granted .

I

Despite having concluded that Plaintiff's transfer was not unlawful, the jury awarded the sum of $ 328,597.93 in backpay based on the claims of age and race discrimination and retaliation.

1

The damages award is obviously inconsistent with the finding of no liability. The consistency was apparent when the jury's special verdict was read in open court. However, Goodyear chose not to challenge the inconsistency before the jury was dismissed. This failure constitutes a waiver of the inconsistency.

Nonetheless, the Court will exercise its discretion to grant Goodyear's renewed motion for judgment as a matter of law solely on these claims which the jury found to be lacking in merit.

II

The jury's finding that Plaintiff was subjected to a gender disparate salary is abundantly supported by the evidence. It found that Plaintiff lost $ 223,776.00 because of this disparity. Goodyear contends that this amount is not supported by the evidence.

The jury could reasonably have found that Terry Amberson is an appropriate comparator. Apparently, both he and the Plaintiff were paid the same salary on April 1, 1979, and again on April 16, 1979. Plaintiff's Exhibit ("PX") 201.* The jury could reasonably have concluded that but for the gender discrimination, their salaries would have been the same up to November 1, 1998.

*Goodyear's argument that this exhibit was not received in evidence is without foundation.

It could have found that in the 1996-1998 period, Plaintiff's base annual salary was $44,724; and that Amberson's base annual salary was $59,028.

Plaintiff's charge of discrimination relates back to March 25, 1998, when she completed the Equal Employment Opportunity Commission ("EEOC")'s questionnaire. Because of the continuing nature of the disparate salary payments, Plaintiff is entitled to recover for the disparate salaries from March 25, 1996, until her retirement thirty-one months later.

Assuming that the jury found the facts concerning damages in the most favorable light to Plaintiff that it reasonably could have, the maximum award for the salary differential would have been $ 60,000 - including overtime pay and prejudgment interest.

The Court concludes therefore that to the extent that the jury's award for the disparate salaries exceeds $60,000, it is not supported by the evidence.

### III

The jury's award of compensatory damages for mental anguish in the amount of $ 4,662 is solidly supported by the evidence.

### IV

The jury's punitive damage award of $ 3,285,979 must be reduced.

While the evidence does indeed support an award of punitive damages, the law imposes a limitation on such damages in employment cases such as this one brought under 42 U.S.C. § 1981a . The punitive damages, coupled with the compensatory damages, may not exceed $ 300,000.00. 42 U.S.C. § 1981a (b) (3) (D).

A reasonable jury could have found $ 500,000 to be a reasonable amount sufficient to punish and deter Goodyear. Given the statutory limitation and the compensatory damage award, it follows that the punitive damage award must be reduced to $295, 338.00.

By separate Order, Goodyear's motion for judgment as a matter of law will be granted on the backpay award only. Its motion for a new trial will be granted solely on the damages issue, unless within fifteen days of the date of this Order, Plaintiff files a declaration of her intent to accept a remittitur of the jury's award to $ 360,000.00.

*Ledbetter v. Goodyear Tire*
**CV-99-C-3137-E**
Memorandum Opinion
Page 4 of 4

Done this 23d day of September, 2003.

_____
Chief United States District Judge
U.W. Clemon